1

2
                    UNITED STATES DISTRICT COURT
3
                   CENTRAL DISTRICT OF CALIFORNIA
4
                          WESTERN DIVISION
5

6

UNITED STATES OF AMERICA,        )
7                                )
                                 )
8            PLAINTIFF,           )
                                 )
9            V.                   )
                                 )  19-MJ-05082
10                               )  LOS ANGELES, CALIFORNIA
VIRGIL GRIFFITH,                 )
11                               )  DECEMBER 2, 2019
                                 )  (3:11 P.M. TO 3:41 P.M.)
12                               )
             DEFENDANT.          )
13  _____)

14
                        MINUTES OF ARREST
15                   ON OUT OF DISTRICT WARRANT

16              BEFORE THE HONORABLE MARIA A. AUDERO
                   UNITED STATES MAGISTRATE JUDGE
17

18  APPEARANCES:            SEE NEXT PAGE

19  COURT REPORTER:         RECORDED; COURT SMART

20  COURTROOM DEPUTIES:     CHRIS SILVA/JOE ROPER

21  TRANSCRIBER:            DOROTHY BABYKIN
                            COURTHOUSE SERVICES
22                          1218 VALEBROOK PLACE
                            GLENDORA, CALIFORNIA  91740
23                          (626) 963-0566

24

25  PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
    TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

2

```
 1    APPEARANCES:

 2    FOR THE PLAINTIFF UNITED STATES OF AMERICA:

 3              NICOLA T. HANNA
                UNITED STATES ATTORNEY
 4              BRANDON FOX
                CHIEF, CRIMINAL DIVISION
 5              ASSISTANT UNITED STATES ATTORNEY
                BY:  JASON PANG
 6              ASSISTANT UNITED STATES ATTORNEY
                312 NORTH SPRING STREET
 7              LOS ANGELES, CALIFORNIA  90012

 8
      FOR THE DEFENDANT VIRGIL GRIFFITH:
 9
                BAKER MARQUART LLP
10              BY:  BRIAN E. KLEIN
                     KERI CURTIS AXEL
11                   ATTORNEYS AT LAW
                777 SOUTH FIGUEROA STREET
12              SUITE 2850
                LOS ANGELES, CALIFORNIA  90017
13
      ALSO PRESENT:
14
                JUDITH GLASCO
15              UNITED STATES PRETRIAL SERVICES OFFICER

16

17

18

19

20

21

22

23

24

25
```

3

1                          I N D E X

2    19-MJ-05082                           DECEMBER 2, 2019

3    PROCEEDINGS:   MINUTES OF ARREST ON OUT OF DISTRICT WARRANT

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

```
 1              LOS ANGELES, CALIFORNIA; DECEMBER 2, 2019; 3:11 P.M.
 2              THE CLERK:  CALLING CASE NUMBER 2 19-MJ-5082, UNITED
 3    STATES VERSUS VIRGIL GRIFFITH.
 4              COUNSEL, PLEASE STATE YOUR APPEARANCES FOR THE
 5    RECORD.
 6              MS. PANG:  JASON PANG ON BEHALF OF THE UNITED STATES.
 7              THE COURT:  GOOD AFTERNOON AGAIN.
 8              MR. KLEIN:  GOOD AFTERNOON, YOUR HONOR.
 9              BRIAN KLEIN ON BEHALF OF VIRGIL GRIFFITH, WHO IS HERE
10    IN CUSTODY.
11              THE COURT:  I'M SORRY.  I THOUGHT IT WAS KERI AXEL.
12              MR. KLEIN:  AND KERI AXEL IS ALSO HERE, YOUR HONOR.
13              MS. AXEL:  I'M HERE, YOUR HONOR.
14              THANK YOU.
15              THE COURT:  OKAY.  SO --
16              MR. KLEIN:  TWO FOR THE PRICE OF ONE.
17              THE COURT:  TELL ME YOUR NAME, MR. -- BRIAN.  WHAT IS
18    YOUR LAST NAME?
19              MR. KLEIN:  KLEIN, K-L-E-I-N.
20              THE COURT:  OKAY.  ALL RIGHT.
21              THANK YOU.
22              SO -- AND GOOD AFTERNOON, MS. AXEL.
23              GOOD AFTERNOON, MR. KLEIN.
24              AND GOOD AFTERNOON, MR. GRIFFITH.
25              I SEE THAT MR. GRIFFITH IS A U.S. CITIZEN.  SO, WE
```

1   DON'T HAVE CONSULAR NOTIFICATION NEEDS.

2           SO, MR. -- SIR, IS YOUR TRUE AND CORRECT NAME VIRGIL

3   GRIFFITH?

4           THE DEFENDANT:  YES.

5           THE COURT:  OKAY.  ALL RIGHT.

6           MR. GRIFFITH, I HAVE IN FRONT OF ME A DOCUMENT

7   ENTITLED "ADVISEMENT OF DEFENDANT'S STATUTORY AND

8   CONSTITUTIONAL RIGHTS," WHICH APPEARS TO BEAR YOUR SIGNATURE.

9           IS THAT YOUR SIGNATURE, SIR?

10          THE DEFENDANT:  YES, IT IS.

11          THE COURT:  BEFORE YOU SIGNED THIS DOCUMENT, DID YOU

12  READ IT?

13          THE DEFENDANT:  I DID READ IT.  AND MY LAWYER HELPED

14  ME GO THROUGH IT.

15          THE COURT:  OKAY.

16          DID YOU UNDERSTAND THAT IT CONTAINS A LIST OF YOUR

17  STATUTORY AND CONSTITUTIONAL RIGHTS?

18          THE DEFENDANT:  I DID.

19          THE COURT:  DO YOU UNDERSTAND THOSE RIGHTS AS THEY

20  ARE STATED IN THIS DOCUMENT, SIR?

21          THE DEFENDANT:  YES.

22          THE COURT:  OKAY.

23          AND I DON'T KNOW WHO SIGNED THIS DOCUMENT.

24          WHO SIGNED THIS DOCUMENT HERE AT THE BOTTOM?  IT

25  LOOKS LIKE IT COULD BE KERI AX- --

1              MS. AXEL:  I -- I DID, YOUR HONOR.

2              (LAUGHTER.)

3              MS. AXEL:  YES.

4              THE COURT:  OKAY.

5              AND, SO, IF THAT'S YOUR SIGNATURE, IS IT TO INDICATE

6     TO THE COURT THAT YOU SATISFIED YOURSELF THAT YOUR CLIENT

7     UNDERSTANDS HIS STATUTORY AND CONSTITUTIONAL RIGHTS?

8              MS. AXEL:  YES, I DID, YOUR HONOR.

9              THANK YOU.

10             OKAY.  NOW, WHAT DO WE HAVE HERE.  WE HAVE A

11    COMPLAINT.

12             OKAY.  MR. GRIFFITH, THE GOVERNMENT IS PROCEEDING

13    AGAINST YOU BY WAY OF A COMPLAINT.

14             HAVE YOU HAD AN OPPORTUNITY TO REVIEW THAT DOCUMENT,

15    SIR?

16             THE DEFENDANT:  YES.

17             THE COURT:  OKAY.  WITHOUT ADMITTING OR DENYING THE

18    ALLEGATIONS CONTAINED IN THE COMPLAINT, DO YOU UNDERSTAND THE

19    NATURE OF THE CHARGES THAT ARE BEING BROUGHT AGAINST YOU?

20             THE DEFENDANT:  I DO.

21             THE COURT:  OKAY.  DO YOU WAIVE YOUR RIGHT TO HAVE

22    THE --

23             NO.  YOU DON'T NEED TO HAVE THAT READ IN OPEN COURT.

24             BUT YOU DO NEED TO WAIVE YOUR RIGHT, IF YOU WOULD

25    LIKE, TO HAVE YOUR CONSTITUTIONAL AND STATUTORY RIGHTS READ TO

1   YOU IN OPEN COURT.

2            DO YOU WAIVE THAT RIGHT, SIR?

3            THE DEFENDANT:  I'M HAPPY TO WAIVE RIGHTS ABOUT

4   READING THINGS IN COURT.

5            THE COURT:  OKAY.  THANK YOU VERY MUCH.

6            ALL RIGHT.  LET'S PROCEED THEN TO A DETENTION

7   DETERMINATION.

8            WHAT IS THE -- WHAT IS THE GOVERNMENT'S POSITION?

9            I THINK IT'S DETENTION BASED ON RISK OF FLIGHT?

10           MR. PANG:  CORRECT, YOUR HONOR.

11           THE COURT:  IS THIS A PRESUMPTION CASE?

12           MR. PANG:  NO, YOUR HONOR.

13           THE COURT:  OKAY.  ALL RIGHT.

14           WHAT DOES THE GOVERNMENT -- SORRY, WHAT IS THE

15   DEFENDANT'S POSITION?

16           MR. KLEIN:  WELL, FIRST OF ALL, I DON'T THINK THE

17   GOVERNMENT HAS OFFERED ANY EVIDENCE OF RISK OF FLIGHT.  SO,

18   THEY HAVEN'T MET THEIR BURDEN OF A PREPONDERANCE TO HAVE A

19   DETENTION HEARING.

20           WE DON'T THINK HE IS A RISK OF FLIGHT.  WE WOULD

21   CONCUR WITH PRETRIAL'S RECOMMENDATION, WHICH IS THAT HIS

22   PARENTS WHO ARE HERE IN COURT FROM ALABAMA, THEY WOULD BE

23   PUTTING UP THEIR RESIDENCE IN TUSCALOOSA.  IT WOULD BE A

24   SECURED BOND BY THEIR RESIDENCE.

25           AND THEN OUR CLIENT WOULD LIKE TO RESIDE WITH HIS

1  PARENTS IN TUSCALOOSA, WHICH I BELIEVE IS IN THE NORTHERN

2  DISTRICT OF ALABAMA.

3       THERE WAS ONE MODIFICATION WE WOULD ASK OF WHAT

4  PRETRIAL RECOMMENDS, WHICH IT WOULD LIMIT HIM TO THE CENTRAL

5  DISTRICT OF CALIFORNIA OR THE SOUTHERN DISTRICT OF NEW YORK.

6       WE WOULD ASK IT INCLUDE THE DISTRICT IN ALABAMA WHERE

7  HIS PARENTS RESIDE, WHICH, AGAIN, I BELIEVE IS THE NORTHERN

8  DISTRICT OF ALABAMA.  BUT I'M NOT SUPER FAMILIAR WITH ALL THE

9  GEOGRAPHY.  BUT I THINK TUSCALOOSA IS IN THE NORTHERN DISTRICT.

10       THE COURT:  OKAY.

11       MY UNDERSTANDING FROM PRETRIAL SERVICES IS THAT THERE

12  ARE TWO PROPERTIES THAT ARE BEING OFFERED.  ONE IS THE PARENTS'

13  AND ONE IS THE SISTER'S.

14       MR. KLEIN:  YES, YOUR HONOR.  I THINK WHEN THEY PUT

15  THEIR ACTUAL CONDITIONS THOUGH --

16       OH, YOU'RE RIGHT, YOUR HONOR.

17       I MISREAD IT TOO QUICK.  IT IS BOTH ALABAMA AND THE

18  COLUMBIA, MARYLAND PROPERTY.  SO, IT IS BOTH HIS SISTER JOY'S

19  PROPERTY AND THE PARENTS' PROPERTY.  AND IT IS TO FULFILL THE

20  AMOUNT OF $800,000.

21       THE COURT:  AND IN WHAT COMBINATION?  BECAUSE I

22  UNDERSTAND --

23       FIRST, MR. AND MRS. GRIFFITH, THANK YOU FOR COMING.

24       I UNDERSTAND THAT THE GRIFFITHS' PROPERTY HAS ENOUGH

25  EQUITY IN AND OF ITSELF.

1              BUT WHAT IS THE COMBINATION THAT IS BEING PROPOSED

2    HERE?  AND MAYBE THAT QUESTION GOES TO PRETRIAL SERVICES.

3              U.S. PRETRIAL SERVICES OFFICER GLASCO:  I'M SORRY,

4    YOUR HONOR.  CAN YOU REPEAT THAT.  I WAS DOING THE PASSPORTS.

5    I'M SORRY ABOUT THAT.

6              THE COURT:  THAT'S OKAY.

7              SO, THERE IS A BOND OF -- AN APPEARANCE BOND THAT'S

8    BEING PROPOSED FOR THE AMOUNT OF $800,000 WITH THE FULL DEEDING

9    OF TWO PROPERTIES.

10             WHAT IS THE COMBINATION -- WHAT PROPERTY IS GOING TO

11   BE -- IS GOING TO BE SURETY FOR WHAT AMOUNT?

12             U.S. PRETRIAL SERVICES OFFICER GLASCO:  WELL, I

13   BELIEVE THAT'S AT THE DISCRETION OF THE COURT.

14             AND THEN HOW MUCH EQUITY IS IN EACH PROPERTY.

15             THE COURT:  OKAY.  SO, I UNDERSTAND THE PARENTS' HAS

16   800,000.  AND THE SISTER'S HAS 300,000.

17             IS THAT CORRECT?

18             U.S. PRETRIAL SERVICES OFFICER GLASCO:  SO, WHATEVER

19   THE COURT IS INCLINED TO.  I MEAN, THE SISTER COULD DO 300,000.

20   AND THEN --

21             THE COURT:  RIGHT.  YEAH.  I'M JUST --

22             U.S. PRETRIAL SERVICES OFFICER GLASCO: -- THE PARENTS

23   COULD DO THE REST.

24             THE COURT:  I JUST WANT TO CONFIRM.

25             U.S. PRETRIAL SERVICES OFFICER GLASCO:  YES.

1          THE COURT:  THE SISTER'S HAS 300,000?

2          U.S. PRETRIAL SERVICES OFFICER GLASCO:  YES, MA'AM.

3     UH-HUH.

4          THE COURT:  OKAY.

5          U.S. PRETRIAL SERVICES OFFICER GLASCO:  UH-HMM.

6          MR. KLEIN:  THESE ARE APPROXIMATES, YOUR HONOR.

7          BUT WE WOULD ASK JUST TO HAVE THE PARENTS.  BUT IF

8     YOU WANT TO DO BOTH, WE WILL DIVIDE IT UP AS YOUR HONOR SEES

9     FIT.  BUT --

10         THE COURT:  OKAY.

11         WHAT IS THE GOVERNMENT'S --

12         MR. PANG:  I MEAN, THE GOVERNMENT'S POSITION IS STILL

13    THAT DETENTION IS APPROPRIATE BASED ON -- AND THE GOVERNMENT

14    PROFFERS THE COMPLAINT, THE AFFIDAVIT, THE PSR AND NOT ITS

15    RECOMMENDATION OF BOND.

16         AND WITH REGARDS TO THE GOVERNMENT'S BURDEN, WHICH IS

17    A MERE PREPONDERANCE OF THE EVIDENCE, THE GOVERNMENT NOTES THAT

18    IN THE COMPLAINT AND AFFIDAVIT, THE DEFENDANT LIVES FULL-TIME

19    OUTSIDE OF THE UNITED STATES -- NAMELY, IN SINGAPORE, HAS A

20    RELATIONSHIP THERE.  AND HE TRAVELS REGULARLY INTERNATIONALLY,

21    WHICH IS THE BASIS OF THE CURRENT COMPLAINT AGAINST THE

22    DEFENDANT.

23         HE HAS A PREVIOUS HISTORY OF DISREGARDING GOVERNMENT

24    REQUIREMENTS.  IN THIS CASE HE TRAVELS TO THE DEMOCRATIC

25    PEOPLE'S REPUBLIC OF KOREA IN VIOLATION OF U.S. LAW.

1           HE INDICATED IN A VOLUNTARY INTERVIEW WITH LAW

2   ENFORCEMENT THAT HE WOULD DO SO AGAIN IN VIOLATION OF U.S. LAW.

3           HE ALSO INDICATED TO LAW ENFORCEMENT THAT HE INTENDED

4   TO RENOUNCE HIS U.S. CITIZENSHIP AND TO SEEK CITIZENSHIP

5   ELSEWHERE OUTSIDE OF THE UNITED STATES.

6           AND FOR THOSE REASONS THE GOVERNMENT BELIEVES THAT

7   DETENTION IS APPROPRIATE IN THIS CASE.

8           THE COURT:  OKAY.

9           MR. KLEIN:  YOUR HONOR --

10          THE COURT:  THAT'S A MOUTHFUL.

11          MR. KLEIN:  YEAH.  A NUMBER OF -- A NUMBER OF THINGS

12   THERE.

13          WE DISPUTE THE ALLEGATIONS IN THE COMPLAINT.

14          AND WE ASKED BEFORE THIS TO RECEIVE DEFENDANT'S

15   STATEMENTS TO LAW ENFORCEMENT.  WE ASKED THE SOUTHERN DISTRICT

16   PROSECUTORS.  THEY REFUSED TO PROVIDE THEM.

17          WE THINK THE STATEMENTS THAT ARE INCLUDED IN THE

18   COMPLAINT ARE EITHER WRONG OR TAKEN OUT OF CONTEXT.

19          AND, SO, MOVING ON TO THE GOVERNMENT'S SPECIFIC

20   ARGUMENTS HERE, THOUGH.  MY CLIENT HAS NO PRIOR ARREST RECORD.

21          WHEN HE RETURNED FROM KOREA ON HIS OWN HE WENT TO THE

22   STATE DEPARTMENT LESS THAN 24 HOURS LATER AND MET WITH THE

23   STATE DEPARTMENT, EXPLAINED WHAT HE HAD DONE.

24          SINCE HIS RETURN IN MAY, HE HAS MET WITH THE

25   GOVERNMENT TWICE VOLUNTARILY WITHOUT AN ATTORNEY, INCLUDING IN

1    MID-NOVEMBER.

2              IN ADDITION, HE WAS IN THE PROCESS OF SETTING UP A

3    MEETING WITH THE GOVERNMENT AGAIN.  THEY FILED A COMPLAINT THAT

4    IS DATED NOVEMBER 19TH OR 20TH.  HIS LAWYER WAS IN CONTACT --

5    HIS PRIOR LAWYER, NOT ME -- WAS IN CONTACT WITH THE GOVERNMENT

6    ABOUT SETTING UP A MEETING AFTER THAT DATE.

7              HE WAS ARRESTED ON THANKSGIVING.  HE WAS IN THE

8    UNITED STATES.  THE FBI ASKED HIM NOT TO LEAVE -- IT'S MY

9    UNDERSTANDING, NOT TO LEAVE THE UNITED STATES AND RETURN TO

10   SINGAPORE WHILE THEY WERE STILL LOOKING INTO THIS.

11             HE DID NOT RETURN TO SINGAPORE.  HE DIDN'T HAVE A

12   TICKET BOOKED BACK TO SINGAPORE.  HE HAS BEEN COMPLETELY

13   COMPLIANT WITH THE GOVERNMENT'S INSTRUCTIONS THROUGHOUT THIS

14   PROCESS AND SINCE HIS RETURN FORM KOREA.

15             SO, I THINK THERE IS NO CHANCE THAT HE IS A FLIGHT

16   RISK.  NO CHANCE HE'S GOING TO FLEE.  AND NO CHANCE HE'S NOT

17   GOING TO FOLLOW THE COURT'S VERY SPECIFIC INSTRUCTIONS.

18             HE WILL BE LIVING AT HIS PARENTS' HOME.  IT'S THEIR

19   ONLY RESIDENCE.  IF HE DOES ANYTHING WRONG, THEY WILL LOSE IT.

20             HE'S VERY CLOSE TO HIS FAMILY.  THERE IS NO FLIGHT

21   RISK HERE.

22             THE COURT:  LET ME JUST LOOK AT WHAT'S PROPOSED AS

23   THE CONDITIONS OF RELEASE.

24             (PAUSE IN PROCEEDINGS.)

25             THE COURT:  ASIDE FROM THE FACT THAT THE GOVERNMENT

13

1   IS MOVING FOR DETENTION, WOULD YOU ADD -- WOULD YOU FEEL MORE

2   COMFORTABLE ABOUT A RELEASE ON A VERY HIGH BOND WITH -- IF WE

3   ADD ANY OTHER CONDITIONS OF RELEASE?

4         MR. PANG:  YOUR HONOR, IF THE COURT WAS INCLINED TO

5   RELEASE THE DEFENDANT, WE WOULD ALSO REQUEST THAT HE

6   PARTICIPATE IN A LOCATION MONITORING PROGRAM.

7         BUT EVEN IF THE COURT WERE TO APPLY THAT, IT IS THE

8   POSITION OF THE GOVERNMENT -- BOTH IN THE SOUTHERN DISTRICT OF

9   NEW YORK AND OF THE CENTRAL DISTRICT OF CALIFORNIA THAT

10  DEFENDANT BE DETAINED PENDING TRIAL BASED ON HIS RISK OF

11  FLIGHT.

12        MR. KLEIN:  MR. GRIFFITH IS WILLING TO AGREE TO

13  LOCATION MONITORING.  WE DON'T THINK IT'S NECESSARY, BUT HE

14  WOULD AGREE TO IT.

15        THE COURT:  OKAY.

16        I AM INCLINED AT THIS POINT TO RELEASE MR. GRIFFITH,

17  ADDING LOCATION MONITORING, RESTRICTING --

18        YOU'RE NOT GOING TO  -- DO YOU HAVE -- HOLD ON.

19  DON'T BE SO HAPPY YET.

20        (LAUGHTER.)

21        THE COURT:  IS HE -- HE IS EMPLOYED, BUT IT'S HIS OWN

22  COMPANY AS I UNDERSTAND --

23        MR. KLEIN:  LET ME --

24        THE COURT:  NO?  OKAY.

25        MR. KLEIN:  LET ME EXPLAIN, YOUR HONOR.

1          HE'S EMPLOYED WITH THE AETHERIAN FOUNDATION.  IT'S A

2   VERY RESPECTED FOUNDATION.

3          HIS EMPLOYER HAS -- IS SUSPENDING HIM WHILE THIS IS

4   IN PROCESS BUT WILL CONTINUE TO PAY HIM.  AND WHEN THIS IS

5   RESOLVED, I BELIEVE I CAN SAY THEY HOPE THAT HE WILL RETURN TO

6   HIS JOB THERE.

7          SO, HE WOULD LIKE TO TRY TO WORK IF HE COULD.  MAYBE

8   THEY WILL LET HIM WORK WHILE THIS IS ONGOING.

9          WE WILL ASK THEM IF HE'S RELEASED.  BUT WE THINK

10  THAT'S A STRONG VOTE OF CONFIDENCE IN HIM BY HIS CURRENT

11  EMPLOYER.

12          (PAUSE IN PROCEEDINGS.)

13          THE COURT:  OKAY.  SO, HERE'S WHERE I AM LANDING ON

14  THIS.  AND I'M GOING TO GIVE THE GOVERNMENT ONE FINAL WORD ON

15  THIS.

16          I AM -- I AM LEANING TOWARD RELEASING HIM ON AN

17  APPEARANCE BOND WITH FULL DEEDING OF MOM AND DAD'S PROPERTY FOR

18  $500,000 AND SISTER'S PROPERTY FOR $300,000.

19          ALL OF THE CONDITIONS RECOMMENDED BY PRETRIAL

20  SERVICES EXCEPT AS TO TRAVEL, RESTRICTING HIM TO WHEREVER THE

21  PARENTS' PROPERTY -- WHATEVER DISTRICT THE PARENTS' PROPERTY IS

22  IN.

23          LOCATION MONITORING.  AND THAT WILL INCLUDE A

24  LOCATION-MONITORING BRACELET.

25          RESTRICTED TO HIS RESIDENCE AT ALL TIMES EXCEPT FOR

1    MEDICAL NEEDS OR TREATMENT, ATTORNEY VISITS, COURT APPEARANCES.

2              AND SINCE HE IS NOT EMPLOYED, THEN, NOTHING LIKE

3    THAT.  ALL OF WHICH HAS TO BE PREAPPROVED BY PRETRIAL SERVICES.

4              AND THEN CONTINUE CURRENT MENTAL HEALTH TREATMENT.

5              IT WOULD BE -- HE WOULD BE RELEASED BUT PENDING

6    SATISFACTION OF THE BOND -- WHICH MEANS HE STAYS UNTIL THE

7    BONDS ARE SATISFIED.

8              BUT I ALSO -- IT SOUNDS LIKE THE GOVERNMENT IN THE

9    SOUTHERN DISTRICT OF NEW YORK IS OF LIKE MIND WITH YOU -- WITH

10   THE GOVERNMENT HERE IN THE CENTRAL DISTRICT.

11             SO, I WOULD BE WILLING TO STAY THIS -- EVEN THOUGH I

12   MEAN BY THE TIME THAT THEY HAVE -- BUT STAY THIS ORDER TO ALLOW

13   THE SOUTHERN DISTRICT OF NEW YORK TO OVERRULE ME.

14             MR. PANG:  YOUR HONOR, THAT WOULD BE AMENABLE TO THE

15   GOVERNMENT.

16             I -- BASED ON MY PRIOR EXPERIENCE, IT'S MY

17   UNDERSTANDING THAT USUALLY TAKES BETWEEN ONE TO TWO WEEKS TO

18   GET A PROPERTY BOND.  SO, I WOULD REQUEST OUT OF THE -- YOU

19   KNOW, OUT OF -- JUST TO MAKE SURE WE'RE ALL ON THE SAME PAGE --

20   A STAY OF ONE WEEK FOR THE SOUTHERN DISTRICT OF NEW YORK TO

21   SEEK ON AN APPEAL WITH THE HOME DISTRICT JUDGE.

22             THE COURT:  YEAH.

23             MR. PANG:  OF COURSE, THAT WOULD BE CONCURRENT WITH,

24   YOU KNOW, ANY BONDS THAT -- PAPERWORK THAT DEFENDANT COULD

25   MUSTER UP.

1          THE COURT:  RIGHT.  I MEAN, AT THE END OF THE DAY

2    WHAT WOULD HAPPEN IS I ORDER HIM RELEASED, BUT UNDER ALL OF

3    THESE CONDITIONS.

4          AND THEN A ONE-WEEK STAY.

5          AND THEN THE GOVERNMENT IN NEW YORK CAN DO WHATEVER

6    THEY WANT.  AND IF I'M OVERRULED, THEN, WHATEVER I'VE SAID HERE

7    MATTERS NOT.

8          (LAUGHTER.)

9          MR. PANG:  UNDERSTOOD, YOUR HONOR.

10          MR. KLEIN:  YOUR HONOR, OBVIOUSLY, WE WOULD OBJECT TO

11    THAT.

12          WE WOULD SAY, THOUGH, THAT WITH REGARD TO THE BOND

13    SITUATION, I WOULD SAY WE ASSUME -- OR WE UNDERSTAND THE

14    SISTER'S PROPERTY IS WORTH 300,000.  IF IT'S NOT, I WOULD ASK

15    THAT THE PARENTS' PROPERTY BE ABLE TO MAKE UP THE DIFFERENCE.

16          SO, LET'S SAY, THE SISTER'S PROPERTY ACTUALLY ONLY

17    ENDS UP BEING WORTH 250,000 -- THAT THE PARENTS' PROPERTY,

18    WHICH WE BELIEVE IS WORTH MORE, CAN FILL IN THAT GAP.

19          THE COURT:  SURE.

20          MR. KLEIN:  I WOULD ASK THAT YOU NOT STAY YOUR ORDER.

21    I WOULD ASK -- BECAUSE IT WILL TAKE AWHILE FOR THIS TO TAKE

22    PLACE ANYWAYS.

23          IF THE SOUTHERN DISTRICT WANTS TO DO SOMETHING IN THE

24    MEANTIME, THEY CAN DO THAT.  BUT IT WILL TAKE US AWHILE TO

25    START GOING DOWN THIS PATH.

1              AND I THINK YOUR HONOR WOULD NEED TO ENTER YOUR ORDER

2    SO WE CAN START DOING THIS SO PRETRIAL CAN START WORKING

3    THROUGH THE PAPERWORK.

4              THE COURT:  IS THAT CORRECT?  DO I NEED TO ENTER THIS

5    ORDER BEFORE THEY CAN START MOVING ON THE PAPERWORK FOR THE

6    DEEDING OF THE PROPERTY?

7              CAN'T YOU -- WHY CAN'T YOU START --

8              MR. KLEIN:  I DON'T KNOW THAT, BUT I DON'T KNOW --

9              U.S. PRETRIAL SERVICES OFFICER GLASCO:  I HAVE THE

10   RELEASE MEMO HERE.  SO, I WAS GOING TO GIVE IT TO THE CRD AFTER

11   YOU MADE THE ORDER.

12             HOWEVER, I THINK IT'S THE --

13             THE COURT:  WAIT.  I'M SORRY.  YOU AGREE WITH WHAT?

14             U.S. PRETRIAL SERVICES OFFICER GLASCO:  NO.  I HAVE

15   THE -- I'M SORRY -- NOT THE RELEASE MEMO.

16             I HAVE THE RELEASE AUTHORIZATION FOR RELEASE TO

17   PRETRIAL FOR THE LOCATION MONITORING.

18             SO, I WAS GOING TO GIVE THAT TO THE CRD.

19             HOWEVER, I BELIEVE IT GOES THROUGH THE CLERK'S

20   OFFICE.  ONCE THEY GET ALL THE PAPERWORK, AND EVERYTHING IS

21   APPROVED BY THEM, THEN, HE CAN GET RELEASED.  BUT IT'S NOT

22   PRETRIAL SERVICES.

23             THE COURT:  THAT'S NOT WHAT WE'RE SAYING.

24             U.S. PRETRIAL SERVICES OFFICER GLASCO:  OH, I'M

25   SORRY.

1             THE COURT:  OR MAYBE I'M JUST NOT BEING CLEAR HERE.

2             U.S. PRETRIAL SERVICES OFFICER GLASCO:  OKAY.

3             THE COURT:  HE -- IT'S GOING TO TAKE HIM SOME TIME TO

4    -- TO GET THE DEEDING OF THE PROPERTY.

5             SO, I AM MAKING HIS RELEASE CONTINGENT UPON

6    SATISFACTION OF THAT BOND.

7             SO, THEY'RE NOT --

8             U.S. PRETRIAL SERVICES OFFICER GLASCO:  CORRECT.

9             THE COURT:  OKAY.  OKAY.

10            (LAUGHTER.)

11            MR. KLEIN:  AND I DIDN'T MEAN TO IMPLY -- I

12   UNDERSTAND HIS RELEASE WOULD BE CONTINGENT UPON THE

13   SATISFACTION OF THE BOND.  SO, I UNDERSTAND THAT.

14            THE COURT:  I DON'T UNDERSTAND WHAT YOU'RE SAYING

15   ABOUT THAT THEY CAN'T START MOVING TOWARD THE FULL DEEDING OF

16   THE PROPERTY UNTIL MY ORDER IS ISSUED.

17            MR. KLEIN:  I WAS TRYING TO UNDERSTAND WHEN THE STAY

18   TAKES EFFECT.

19            IS IT AFTER THE DEED IS ALL PUT -- WHAT IS  -- WHEN

20   IS YOUR STAY?

21            THE COURT:  IT TAKES EFFECT TODAY FOR ONE WEEK.

22            MR. KLEIN:  OKAY.

23            THE COURT:  YOU FOLKS GO.  AND YOU DO YOUR THING TO

24   GET THE FULL DEEDING OF THE PROPERTY WHILE THE GOVERNMENT GETS

25   -- YOU CAN CHOOSE TO WAIT TO SEE WHAT THE GOVERNMENT OF

1    NEW YORK DOES.

2              I MEAN, IF YOU DON'T WANT TO START MOVING PAPERS,

3    THAT'S FINE.  THAT'S UP TO YOU.

4              BUT I'M STAYING MY ORDER FOR A WEEK.  NEW YORK WILL

5    HAVE AN OPPORTUNITY TO HAVE ME OVERRULED --

6              MR. KLEIN:  OKAY.

7              THE COURT: -- BY THE DISTRICT JUDGE THERE.

8              MR. KLEIN:  I DIDN'T UNDERSTAND IT.  THAT I

9    UNDERSTAND NOW.

10              THE COURT:  OKAY.

11              OKAY.  ALL RIGHT.  SO, THAT THEN IS GOING TO BE MY

12    ORDER.

13              BASED ON THE INFORMATION CONTAINED IN THE PRETRIAL

14    SERVICES REPORT, WHAT I'VE HEARD FROM THE GOVERNMENT, WHAT I'VE

15    HEARD FROM THE DEFENDANT, THE COURT FINDS THAT THERE IS A

16    CONDITION OR COMBINATION OF CONDITIONS THAT REASONABLY WILL

17    ASSURE THE APPEARANCE OF THE DEFENDANT AT FUTURE PROCEEDINGS

18    AND THE SAFETY OF THE COMMUNITY SUBJECT TO THE FOLLOWING BOND

19    CONDITIONS.

20              AND, MR. GRIFFITH, I AM GOING TO READ THEM TO YOU.

21              AND THEN AT THE END I'M GOING TO ASK YOU IF YOU

22    UNDERSTAND THEM.

23              IF YOU DON'T UNDERSTAND SOMETHING ALONG THE WAY,

24    PLEASE STOP ME.  AND WE'LL CLARIFY.

25              YOU WOULD BE RELEASED SUBJECT TO AN APPEARANCE BOND

1   OF $800,000 WITH FULL DEEDING OF PROPERTY --

2              WHAT ARE THE NAMES OF THE PARENTS AGAIN?  I'M SORRY.

3              MR. KLEIN:  ROBERT AND SUSAN GRIFFITH.

4              (PAUSE IN PROCEEDINGS.)

5              THE COURT:  FULL DEEDING OF TWO PROPERTIES.

6              THE FIRST IS THE PROPERTY AT 10885 LANDERS DRIVE,

7   NORTH PORT, ALABAMA 3-5-4-7-3.  THAT BELONGS TO ROBERT AND

8   SUSAN GRIFFITH FOR AT LEAST $500,000, SUBJECT TO THE VALUATION

9   OF THE SISTER'S PROPERTY.

10              WHAT IS THE SISTER'S NAME?

11              MR. KLEIN:  JOY, YOUR HONOR.

12              THE COURT:  JOY GRIFFITH?

13              MR. KLEIN:  YES.

14              THE COURT:  OKAY.

15              MR. KLEIN:  OH, ACTUALLY --

16              UNIDENTIFIED SPEAKER:  LEWIS.

17              MR. KLEIN:  LEWIS.

18              THE COURT:  THANK YOU.

19              JOY LEWIS, LOCATED AT 7112 BLACKROCK COURT, COLUMBIA,

20   MASSACHUSETTS 2-1-0-4-6 --

21              UNIDENTIFIED SPEAKER:  MARYLAND.

22              MS. AXEL:  MARYLAND.  COLUMBIA, MARYLAND.

23              THE COURT:  THIS SAYS, "MA."  SO, IT'S MD.  OKAY.

24              MARYLAND.  THANK YOU.

25              250- -- NO.  SORRY.  $300,000 OR WHATEVER AMOUNT

1  THERE IS IN EQUITY WITH A DIFFERENCE TO BE MADE UP BY THE

2  DEEDING OF THE PROPERTY OF ROBERT AND SUSAN GRIFFITH.

3          YOU WILL BE RELEASED TO PRETRIAL SERVICES'

4  SUPERVISION AS DIRECTED BY PRETRIAL SERVICES.

5          YOU ARE TO HAVE --

6          DO WE HAVE A PASSPORT THAT -- HAS IT BEEN SURRENDERED

7   --

8          MR. KLEIN:  IT'S ALREADY BEEN SURRENDERED, YOUR

9  HONOR.

10         THE COURT:  -- I THINK I READ.

11         IT'S ALREADY BEEN SURRENDERED.

12         ALL RIGHT.  WELL, YOU ARE TO SURRENDER ALL PASSPORTS

13  AND TRAVEL DOCUMENTS TO P.S.- -- TO PRETRIAL SERVICES.

14         BUT WHO HAS IT ALREADY? -- THE FBI.  I DON'T KNOW WHO

15  HAS IT.

16         U.S. PRETRIAL SERVICES OFFICER GLASCO:  I HAVE IT,

17  YOUR HONOR.

18         THE COURT:  OH, ALREADY.

19         U.S. PRETRIAL SERVICES OFFICER GLASCO:  I JUST HAVE

20  TO GET HIS SIGNATURE.

21         THE COURT:  AHH, OKAY.

22         SURRENDER PASSPORT TO PRETRIAL SERVICES NO LATER THAN

23  DECEMBER 2ND, 2019.

24         TRAVEL IS RESTRICTED TO THE CENTRAL DISTRICT OF

25  CALIFORNIA.

1          IS THERE A REASON TO -- OH, WELL, OKAY.  I GUESS

2    HE'LL BE HERE.

3          MR. PANG:  HIS COUNSEL IS LOCATED HERE.

4          THE COURT:  YEAH.  OKAY.

5          TRAVEL IS RESTRICTED TO THE CENTRAL DISTRICT OF

6    CALIFORNIA, THE SOUTHERN DISTRICT OF NEW YORK, AND WHATEVER

7    DISTRICT OF ALABAMA THE PARENTS' HOME IS WHERE HE WILL BE

8    RESIDING.

9          AND IF YOU COULD JUST FIGURE THAT OUT, COUNSEL, AND

10   LET US KNOW.  THEN THAT WILL BE THE ORDER.

11         MR. KLEIN:  WE'LL USE THE GOOGLE.

12         THE COURT:  I'M SORRY?

13         MR. KLEIN:  I'LL GOOGLE IT.  YES, YOUR HONOR.

14         THE COURT:  OKAY.  THAT WOULD BE GREAT.

15         YOU ARE TO RESIDE AS APPROVED BY PRETRIAL SERVICES

16   AND NOT RELOCATE WITHOUT PRIOR PERMISSION FROM PRETRIAL

17   SERVICES.

18         YOU ARE TO MAINTAIN OR ACTIVELY SEEK -- WELL, NO.

19   HE'S NOT MAINTAINING EMPLOYMENT.

20         IS HE?

21         MR. PANG:  I GUESS IT'S UNCLEAR AS TO, LIKE, WHAT

22   CONSTITUTES MAINTAINING EMPLOYMENT.  BUT HE'S GETTING PAID.

23   SO, I WOULD SAY THAT --

24         THE COURT:  ALL RIGHT.  WE'LL CHECK THAT ONE OUT.

25         MR. PANG:  -- PRETRIAL SERVICES CAN MAKE THAT

23

1    DETERMINATION.

2              THE COURT:  OKAY.

3              THE CLERK:  THE NORTHERN DISTRICT OF ALABAMA, YOUR

4    HONOR.

5              THE COURT:  THAT WOULD BE THE NORTHERN DISTRICT OF

6    ALABAMA IS WHERE MR. AND MRS. GRIFFITH'S HOME IS.

7              THANK YOU, MR. ROPER.

8              YOU ARE TO MAINTAIN OR ACTIVELY SEEK EMPLOYMENT AS

9    PROVIDED -- AND PROVIDE PROOF TO PRETRIAL SERVICES.

10             AND ANY EMPLOYMENT IS TO BE PREAPPROVED BY PRETRIAL

11   SERVICES.

12             YOU ARE TO AVOID ALL CONTACT DIRECTLY OR INDIRECTLY

13   INCLUDING ANY ELECTRONIC MEANS WITH -- THAT MEANS NOTHING.  NO

14   FACEBOOK.  NO TEXTS.  NO WHATEVER IT IS THAT YOU -- YOU KIDS

15   USE -- WITH ANY PERSON WHO IS A KNOWN VICTIM OR WITNESS IN THE

16   SUBJECT INVESTIGATION OR PROSECUTION.

17             MR. KLEIN:  YOUR HONOR, WE WOULD JUST ASK THAT THE

18   GOVERNMENT SOMEHOW IDENTIFY THAT IN THIS CASE.

19             WE HAVE RECEIVED NO DISCOVERY.  AND, SO, THAT LIST IS

20   UNKNOWN TO US AT THIS TIME.

21             THE COURT:  OH, THE LIST OF THE --

22             MR. KLEIN:  WHO THE GOVERNMENT --

23             THE COURT:  -- VICTIMS OR WITNESSES ARE?

24             MR. PANG:  YOUR HONOR, THE GOVERNMENT IS AMENABLE TO

25   CHANGING THAT TO "KNOWN VICTIMS OR OTHER WITNESSES KNOWN TO THE

1    DEFENDANT."

2              THE COURT:  IT SAYS "KNOWN."

3              MR. PANG:  THEN I THINK WE'RE OKAY.

4              THE COURT: "WITH ANY PERSON WHO IS A KNOWN VICTIM OR

5    WITNESS IN THE SUBJECT INVESTIGATION."

6              MR. PANG:  THEN WE SHOULD BE OKAY, YOUR HONOR.

7              MR. KLEIN:  KNOWN TO THE DEFENDANT I THINK IS WHAT WE

8    WOULD ADD.

9              THE COURT:  ANY PERSON WHO IS A VICTIM OR WITNESS IN

10   THE SUBJECT INVESTIGATION OR PROSECUTION KNOWN TO THE

11   DEFENDANT.

12             YOU ARE NOT TO USE OR POSSESS ILLEGAL DRUGS OR

13   STATE-AUTHORIZED MARIJUANA.

14             IN ORDER TO DETERMINE COMPLIANCE, YOU AGREE TO SUBMIT

15   TO A SEARCH OF YOUR PERSON AND/OR PROPERTY BY PRETRIAL SERVICES

16   IN CONJUNCTION WITH THE U.S. MARSHAL.

17             OKAY.  THIS ONE IS A MOUTHFUL.  IT MEANS DON'T DO

18   DRUGS.  BUT HERE'S WHAT IT SAYS.

19             DO NOT USE FOR PURPOSES OF INTOXICATION ANY

20   CONTROLLED SUBSTANCE ANALOG AS DEFINED BY FEDERAL LAW OR STREET

21   -- AS DEFINED BY FEDERAL LAW --

22             I THINK THERE SHOULD BE A COMMA THERE.

23             -- OR STREET SYNTHETIC OR DESIGNER PSYCHOACTIVE

24   SUBSTANCE CAPABLE OF IMPAIRING MENTAL OR PHYSICAL FUNCTIONING

25   MORE THAN MINIMALLY EXCEPT AS PRESCRIBED BY A MEDICAL DOCTOR.

1          YOU ARE TO SUBMIT TO DRUG TESTING IF DIRECTED TO DO

2    SO.

3          YOU ARE TO PARTICIPATE IN OUTPATIENT TREATMENT AS

4    APPROVED BY PRETRIAL SERVICES.

5          YOU MUST PAY ALL OR PART OF THE COST FOR TESTING AND

6    TREATMENT BASED UPON YOUR ABILITY TO PAY AS DETERMINED BY

7    PRETRIAL SERVICES.

8          YOU ARE TO PARTICIPATE IN A LOCATION MONITORING

9    PROGRAM AND ABIDE BY ALL OF THE REQUIREMENTS OF THE PROGRAM

10   UNDER THE DIRECTION OF PRETRIAL SERVICES, WHICH WILL INCLUDE A

11   LOCATION MONITORING BRACELET.

12         YOU MUST PAY ALL OR PART OF THE COST OF THE PROGRAM

13   BASED UPON YOUR ABILITY TO PAY AS DETERMINED BY PRETRIAL

14   SERVICES.

15         YOU MUST BE FINANCIALLY RESPONSIBLE FOR ANY LOST OR

16   DAMAGED EQUIPMENT.

17         YOU ARE RESTRICTED TO YOUR RESIDENCE -- WHICH WILL BE

18   THE RESIDENCE -- THE HOME OF YOUR PARENTS -- AT ALL TIMES

19   EXCEPT FOR MEDICAL NEEDS OR TREATMENT, ATTORNEY VISITS OR COURT

20   APPEARANCES, ALL OF WHICH MUST BE PREAPPROVED BY PRETRIAL

21   SERVICES.

22         AND YOU ARE TO CONTINUE WITH CURRENT MENTAL HEALTH

23   TREATMENT.

24         U.S. PRETRIAL SERVICES OFFICER GLASCO:  YOUR HONOR,

25   THIS IS A RELEASE TO PRETRIAL?

1              THE COURT:  I'M SORRY?

2              U.S. PRETRIAL SERVICES OFFICER GLASCO:  RELEASED TO

3    PRETRIAL SERVICES?

4              THE COURT:  DID I NOT SAY THAT?  I'M SORRY.

5              U.S. PRETRIAL SERVICES OFFICER GLASCO:  SHE DID?  OH,

6    I'M SORRY.

7              THE COURT: YES.

8              U.S. PRETRIAL SERVIES OFFICER GLASCO:  OKAY.

9              THE COURT:  AND YOU ARE TO BE RELEASED TO PRETRIAL

10   SERVICES ONLY.

11             I'M SORRY ABOUT THAT.  I MISSED THAT.

12             OKAY.  SO, DID YOU UNDERSTAND THOSE CONDITIONS OF

13   RELEASE, MR. GRIFFITH?

14             THE DEFENDANT:  I DID.

15             THE COURT:  OKAY.

16             LET ME TELL YOU WHAT WILL HAPPEN, THAT CAN HAPPEN IF

17   YOU VIOLATE EVEN ONE OF THOSE CONDITIONS OF RELEASE.

18             YOUR RELEASE COULD BE REVOKED.  MEANS YOU'RE RIGHT

19   BACK HERE.

20             YOUR BOND, YOUR PARENTS' HOUSE AND YOUR SISTER'S

21   HOUSE WILL BE FORFEITED.

22             IT'S A LOT OF MONEY.

23             WE COULD ISSUE A WARRANT FOR YOUR ARREST.  THE

24   SOUTHERN DISTRICT OF NEW YORK COULD.  AND YOU COULD BE FOUND TO

25   BE IN CONTEMPT OF COURT, WHICH IS A SEPARATE INDEPENDENT

1  OFFENSE.

2              DO YOU UNDERSTAND THOSE CONSEQUENCES?

3              THE DEFENDANT:  I DO.

4              THE COURT:  UNDERSTANDING THOSE CONSEQUENCES, DO YOU

5  STILL AGREE TO ABIDE BY THESE CONDITIONS OF RELEASE, SIR?

6              THE DEFENDANT:  YES.

7              THE COURT:  OKAY.

8              ALL RIGHT.  OKAY.  WELL, THEN, THAT IS MY ORDER.

9              MR. KLEIN:  YOUR HONOR, I HAVE -- SORRY -- ONE

10  ADDITIONAL THING.

11              THE COURT:  ON THE CONDITIONS OF RELEASE?  I'M NOT

12  DONE HERE YET.

13              MR. KLEIN:  OH.

14              THE COURT:  BECAUSE WE HAVE THE OUT-OF-DISTRICT

15  RIGHTS.

16              MR. PANG:  AND, YOUR HONOR, JUST VERY QUICKLY, THE

17  COURT'S ORDER IS STAYED FOR A WEEK.

18              THE COURT:  YES.  I'M SORRY.  YES, THAT WAS THE BIG

19  THING.

20              ALL OF THIS IS STAYED FOR SEVEN 24-HOUR PERIODS, A

21  WEEK FROM TODAY, THIS MOMENT.

22              (PAUSE IN PROCEEDINGS.)

23              THE COURT:  OKAY.  AND THE RELEASE WOULD BE PENDING

24  THE SATISFACTION OF THE BOND.

25              AND LET'S SET A DATE ON THAT SO THAT THIS JUST

1    DOESN'T KEEP GOING.

2              AND IF IT'S NOT SATISFIED BY THAT DATE, ASSUMING

3    THERE'S -- I'M NOT OVERRULED -- IF IT'S NOT SATISFIED BY THAT

4    DATE, THEN, WE'RE JUST GOING TO DO A FINAL COMMITMENT, HAVE YOU

5    TRANSFERRED TO NEW YORK.  AND YOU CAN SATISFY THE BOND FROM

6    THERE.

7              OKAY.  SO, THREE WEEKS, DOES THAT WORK?

8              MR. KLEIN:  THAT WORKS, YOUR HONOR.

9              THE COURT:  OKAY.

10             SO, THAT WOULD BE SATISFACTION OF THE BOND BY NO

11   LATER THAN DECEMBER 23RD -- IS THAT RIGHT? -- THREE WEEKS,

12   2019?

13             THE CLERK:  YES, YOUR HONOR.

14             THE COURT:  OKAY.

15             OKAY.  ALL RIGHT.  WITH ALL OF THAT HAVING BEEN SAID,

16   I HAVE IN FRONT OF ME A DOCUMENT ENTITLED "WAIVER OF RIGHTS,"

17   WHICH APPLIES TO OUT-OF-DISTRICT CASES.  YOUR CASE IS AN

18   OUT-OF-DISTRICT CASE.  THE CHARGING DOCUMENT COMES FROM THE

19   SOUTHERN DISTRICT OF NEW YORK.

20             AND THIS DOCUMENT INDICATES THAT YOU HAVE GIVEN UP

21   YOUR RIGHT -- AS AN OUT-OF-DISTRICT DEFENDANT, YOU HAVE CERTAIN

22   RIGHTS.  YOU HAVE A RIGHT TO AN IDENTITY HEARING AND ARRIVAL OF

23   PROCESS.

24             AND I SEE HERE THAT YOU HAVE CHECKED THAT YOU ARE

25   WAIVING YOUR RIGHTS TO AN IDENTITY HEARING AND ARRIVAL OF

1    PROCESS.  AND THAT YOU REQUESTED A PRELIMINARY HEARING BE HELD

2    IN THE PROSECUTING DISTRICT.

3            IS THIS YOUR SIGNATURE ON THIS DOCUMENT, SIR?

4            THE DEFENDANT:  THAT IS MY SIGNATURE.

5            THE COURT:  OKAY.

6            BEFORE YOU SIGNED THIS DOCUMENT AND CHECKED OFF THE

7    BOXES, DID YOU HAVE AN OPPORTUNITY TO DISCUSS WITH YOUR

8    ATTORNEY -- WITHOUT TELLING ME ABOUT THE DISCUSSION, BUT DID

9    YOU HAVE AN OPPORTUNITY TO DISCUSS WITH YOUR ATTORNEY WHAT IT

10   MEANS TO WAIVE THESE RIGHTS?

11           THE DEFENDANT:  YES.

12           THE COURT:  AND WITH THAT UNDERSTANDING, DO YOU STILL

13   WISH TO WAIVE THOSE RIGHTS, SIR?

14           THE DEFENDANT:  YES.

15           THE COURT:  OKAY.

16           AND I HAVE A SIGNATURE AGAIN BY MS. AXEL.

17           IS THAT YOUR SIGNATURE?

18           MS. AXEL:  YES, IT IS, YOUR HONOR.

19           THE COURT:  OKAY.

20           DO YOU CONCUR WITH THIS WAIVER?

21           MS. AXEL:  I DO.

22           THE COURT:  OKAY.

23           BASED ON THAT, THE COURT FINDS THE WAIVER TO BE

24   KNOWING AND VOLUNTARY AND ACCEPTS IT AS SUCH AND ORDERS IT

25   FILED.

1            OKAY.  WELL, ALSO WHAT THIS MEANS IS THAT THE

2    GOVERNMENT OF NEW YORK IS GOING TO HAVE ONE WEEK IN WHICH TO

3    HAVE ME OVERRULED, WHICH MEANS THAT MY RELEASE ORDER WITH ALL

4    OF THE CONDITIONS AND THE BOND AND ALL OF THAT COULD BE

5    OVERRULED BY A JUDGE IN NEW YORK, WHICH IS THE CHARGING

6    DISTRICT.  AND YOU WOULD BE SUBJECT TO WHATEVER DETENTION ORDER

7    THEY WOULD IMPOSE AND WHENEVER THEY DO IT.

8            IF I'M NOT OVERRULED, THEN YOU UNDERSTAND WHAT THAT

9    -- YOU HAVE TO PURSUE THE -- SATISFY THE BOND CONDITIONS

10   BEFORE YOU ARE RELEASED, AT WHICH POINT YOU WILL BE RELEASED TO

11   PRETRIAL SERVICES FOR LOCATION MONITORING.

12            OKAY?

13            IF IT'S NOT SATISFIED WITHIN THREE WEEKS, YOU'RE

14   GOING TO BE TRANSPORTED TO THE DISTRICT OF -- SOUTHERN DISTRICT

15   OF NEW YORK.  AND YOU CAN SATISFY IT FROM THERE.

16            ALL RIGHT?

17            MR. KLEIN:  YOUR HONOR, JUST REAL BRIEFLY.

18            IT WAS -- IF THE GOVERNMENT -- IF THE SOUTHERN

19   DISTRICT CHALLENGES YOUR ORDER, WHICH WE ALL HOPE THEY WON'T,

20   WE WOULD ASK THAT THEY BE REQUIRED TO PRODUCE HIS STATEMENTS.

21   BECAUSE, AGAIN, WE DISPUTE STATEMENTS THEY'RE RELYING ON HERE.

22   WE THINK THEY'RE EITHER WRONG OR TAKEN OUT OF CONTEXT.  AND SO

23   THEY HAVE FBI 302S I BELIEVE OR OTHER STATEMENTS THAT THE

24   GOVERNMENT HAS TAKEN DOWN THAT THEY ARE PUTTING IN THIS

25   COMPLAINT AS WELL AS THE PROSECUTOR RELIED ON HERE.

1              SO, IF THEY'RE GOING TO CHALLENGE YOUR ORDER AND

2    CHALLENGE AFTER THE STAY LIFTS OR BEFORE IT LIFTS, THEY WOULD

3    -- WE WOULD ASK THEY BE ALLOWED TO PRODUCE THOSE STATEMENTS TO

4    US SO THAT WE CAN REVIEW THEM AND BE PREPARED TO HAVE THAT --

5    HAVE THAT HEARD AT A HEARING.

6              THE COURT:  SO, I'M NOT SURE THAT I HAVE JURISDICTION

7    TO ORDER THE SOUTHERN DISTRICT OF NEW YORK TO DO ANYTHING.

8              MR. KLEIN:  WELL, YOU HAVE THE GOVERNMENT HERE, YOUR

9    HONOR.

10             THE COURT:  SO, WHAT IS THE GOVERNMENT'S POSITION?

11             MR. PANG:  YOUR HONOR, THE GOVERNMENT BELIEVES THAT

12   HEARINGS, INCLUDING DETENTION HEARINGS, ARE RULE 5 HEARINGS.

13   AND THEY'RE CONDUCTED PREDISCOVERY.  AND THE RULES OF EVIDENCE

14   AND DISCOVERY OBLIGATIONS DO NOT APPLY.

15             THE GOVERNMENT WOULD PROFFER UNITED STATES VERSUS

16   ASENCIO, WHICH IS A SOUTHERN DISTRICT CASE FROM 2017, CASE

17   NUMBER 2017 WESTLAW 4005636.

18             THE DISCOVERY WILL BE PRODUCED PURSUANT TO THE

19   GOVERNMENT'S OBLIGATIONS BEFORE TRIAL.

20             THE COURT:  I'M NOT GOING TO ORDER -- I'M NOT GOING

21   TO ISSUE THAT ORDER.  YOU CAN DEAL WITH THE PEOPLE IN NEW YORK

22   FOR THAT.

23             ANYTHING ELSE FROM THE PARTIES?

24             MR. PANG:  YES, YOUR HONOR.

25             THE GOVERNMENT MOVES TO UNSEAL THIS CASE.  AND THAT'S

32

1   CASE NUMBER 19-MJ-058 -- I'M SORRY, 05082-DUTY AS WELL AS THE

2   COMPLAINTS AND UNDERLYING AFFIDAVIT.

3            THE COURT:  OKAY.

4            ANY OBJECTIONS?

5            MR. KLEIN:  NO, YOUR HONOR.

6            THE COURT:  OKAY.

7            THEN, WE'LL -- I WILL ORDER IT UNSEALED.

8            MR. PANG:  THANK YOU, YOUR HONOR.

9            THE COURT:  THANK YOU.

10           ANYTHING ELSE?

11           HAVE I MISSED ANYTHING, MR. SILVA?

12           MR. ROPER?

13           THE CLERK:  THE REPORTING INSTRUCTIONS.

14           THE COURT:  OH, THE REPORTING INSTRUCTIONS.

15           WHAT DO WE HAVE AS FAR AS -- YES.  SEE, I JUST CAN'T

16  GO ANYWHERE WITHOUT THESE COURTROOM DEPUTIES WHO KNOW

17  EVERYTHING.

18           MR. PANG:  YOUR HONOR, THE REPORTING INSTRUCTIONS ARE

19  THAT THE COURT CAN SET A DATE FOR HIS INITIAL APPEARANCE IN THE

20  SOUTHERN DISTRICT OF NEW YORK TO THE DISCRETION OF THIS COURT.

21           AND THE LOCATION OF THE COURT WOULD BE THE UNITED

22  STATES COURTHOUSE AT 500 PEARL STREET, NEW YORK, NEW YORK

23  1-0-0 -- 1-0-0-0-7.

24           AND I WOULD RECOMMEND THAT THE INITIAL APPEARANCE BE

25  SET AFTER THE SATISFACTION OF BOND.  SO, IN FOUR WEEKS -- WELL,

1    I GUESS THAT WOULD LEAD US TO NEW YEAR'S, BUT.

2            THE COURT:  YEAH.  SO, I'M NOT GOING TO SET A DATE

3    FOR THE SOUTHERN DISTRICT.  WHY DON'T YOU GET AHOLD OF YOUR

4    COUNTERPART IN THE SOUTHERN DISTRICT AND YOU GET THEM TO SET A

5    DATE.

6            MR. PANG:  FAIR ENOUGH.

7            THE COURT:  AND THEN YOU CAN COMMUNICATE THAT TO

8    DEFENDANT'S COUNSEL.

9            MR. PANG:  VERY WELL.

10           THE COURT:  DO YOU UNDERSTAND THE REPORTING

11   INSTRUCTIONS, AS LEAST THE LOCATION?

12           YOU DON'T HAVE A DATE YET, BUT YOU WILL BE NOTIFIED

13   OF THE DATE.

14           MR. KLEIN:  YES.  USUALLY WE WORK WITH THEM TO PICK A

15   DATE, BUT YES.

16           THE COURT:  OKAY.

17           ANYTHING ELSE?  WHAT ELSE?

18           MR. PANG:  NO, YOUR HONOR.

19           THE COURT:  MR. ROPER, MR. SILVA?

20           THE CLERK:  NO, YOUR HONOR.

21           THE COURT:  OKAY.

22           I THINK WE REALLY ARE DONE HERE.

23           THANK YOU VERY MUCH, FOLKS.

24           MR. PANG:  THANK YOU.

25           THE CLERK:  THIS COURT IS ADJOURNED.

34

1        (PROCEEDINGS CONCLUDED 3:41 P.M.)

2

3                    C E R T I F I C A T E

4

5

6        I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT
FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE
ABOVE-ENTITLED MATTER.

7

8

/S/ DOROTHY BABYKIN                    12/6/19

9    _____        _____
FEDERALLY CERTIFIED TRANSCRIBER         DATED

10   DOROTHY BABYKIN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25